UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Frank M Peck, | Case No. 2:21-cv-01865-CDS-EJY |
| Plaintiff | Order Denying Stipulation to Dismiss as Moot, Granting Stipulation to Dismiss with Prejudice, and Denying Plaintiff's Motion for Reconsideration |
| v. | |
| Michael Minev, et al., | |
| Defendants | [ECF Nos. 41, 53, 54] |

This is a § 1983 action filed by incarcerated pro se plaintiff Frank Peck. Peck previously filed a motion to withdraw from the settlement agreement. *See* ECF No. 30. In April of this year, I denied that motion. Order, ECF No. 40. In that order, I directed the parties to file the executed settlement agreement. *Id.* The defendants listed in the settlement agreement did not match the names listed in the stipulation to dismiss. For consistency, and to ensure that all parties were included in the dismissal, I set a hearing on September 19, 2023, on the pending stipulation to dismiss (ECF No. 41) and directed the Nevada Attorney General's Office to bring a copy of the marked-up (redlined) original version of the amended settlement agreement and a clean version of the amended settlement agreement for Peck's review. Minute Order, ECF No. 49. I also set Peck's motion for relief under Federal Rule of Civil Procedure 60(b) (ECF No. 44) for hearing on the same day. *Id.*

The parties appeared for the hearing on the stipulation to dismiss and the motion for relief pursuant to Fed. R. Civ. P. 60(b). At that time, I canvassed Peck about signing the amended version of the agreement[1] he previously entered. He refused to sign the agreement.[2] I

---

[1] This was only amended to list out the defendants as to be consistent with the stipulation to dismiss, which when originally filed, inadvertently omitted some defendants.

[2] One reason Peck stated for refusing to sign the corrected agreement was his desire to add another claim for relief. This is further evidence of my prior finding that Peck's desire to withdraw from the agreement was not because of a lack of understanding, or any other reason that could have impacted his understanding of the contract he was entering into, but rather the result of "buyer's remorse." *See* ECF No. 40 at 4.

also heard oral argument from Peck regarding his Rule 60(b) motion.[3] In sum, Peck disagreed with my denial of his motion to withdraw from the settlement agreement and sought reconsideration of my decision. Finding no basis to grant Peck the relief he sought, I denied his motion and directed the Attorney General's Office to file the original, signed version of the agreement together with the corrected version. Minutes of Proceedings, ECF No. 51. Because Peck refused to sign the amended settlement agreement, it was evident to the court that he would also not sign the updated stipulation. Thus, I stated that I would enter an order granting the updated stipulation to dismiss with prejudice, and directed the Attorney General's Office to file all documents related to my decision. *Id.*

The court has inherent authority under federal law to enforce a settlement agreement in an action pending before it. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987); *see also Marks–Foreman v. Reporter Pub. Co.*, 12 F.Supp.2d 1089, 1092 (S.D. Cal. 1998) (citations omitted). Having already found the agreement between Peck and the defendants enforceable, I hereby approve the amended stipulation to dismiss with prejudice (ECF No. 53).[4] The original, signed settlement agreement signed by all parties (ECF No. 52-2) and the amended settlement agreement (ECF No. 52-3) are incorporated by reference into the order granting the stipulation to dismiss (ECF No. 53).

I deny Peck's motion for reconsideration (ECF No. 54) without prejudice. The motion seeks enforcement of one section of the settlement agreement; the same agreement Peck refused to re-sign. As I explained to Peck during the September 19 hearing, his motion to withdraw from the agreement essentially put a hold on the defendants' carrying out their end of the bargained-for agreement. This order lifts that hold and the parties will be required to comply with the terms of the agreement. If there is a breach, Peck can seek appropriate remedies at that time.

---

[3] I liberally construed this motion seeking relief under Rule 60(b) and as a motion for reconsideration.
[4] Because I am granting this updated stipulation, the previously filed stipulation (ECF No. 41) is DENIED as moot.

IT IS THEREFORE ORDERED that the defendants' stipulation to dismiss with prejudice with prejudice **[ECF No. 53] is GRANTED**. The original, signed agreement (ECF No. 52-2) and the updated agreement that Peck refused to sign (ECF No. 52-3) are incorporated by reference into the stipulation.

IT IS FURTHER ORDERED that the defendants' stipulation to dismiss with prejudice **[ECF No. 41] is DENIED** as **moot**.

IT IS FURTHER ORDERED that Peck's motion for reconsideration **[ECF No. 54] is DENIED without prejudice**.

The Clerk of Court is kindly directed to close this case.

DATED: September 27, 2023

_____
Cristina D. Silva
United States District Judge